KENNARD, J., Dissenting.
As a means of transferring property at death, a person (the settlor) may place assets into a trust for the benefit of another (the beneficiary), reserve the right to withdraw the trust assets at any time, and appoint a third party (the trustee) to administer the trust. Such a trust is generally known as a “revocable trust.” (Black’s Law Dict. (9th ed. 2009) pp. 1647, 1654.) During the settlor’s lifetime, the trustee owes the settlor a fiduciary duty to properly administer the trust assets. (Bogert, The Law of Trusts and Trustees (3d ed. 2010) § 964, pp. 97-98.) For a breach of that duty, the settlor can sue the trustee. After the settlor’s death, can the beneficiaries sue the trustee on the deceased settlor’s behalf? According to the majority, they can. I disagree. In my view, only the estate’s personal representative (or, if none exists, the decedent’s successor in interest) can sue on the deceased settlor’s behalf. Therefore, unlike the majority, I would affirm the judgment of the Court of Appeal, which held that the trust beneficiaries here lacked standing to sue the trustee.
I
In 2002, William Giraldin created a revocable trust, designating his son Timothy as trustee. After William’s death, the trust benefits were to go to his wife Mary, if still alive, and after her death William’s nine children were to share equally in the remainder.
As set forth in the trust document, trustee Timothy was to distribute trust assets as directed by settlor William unless William was declared mentally incompetent. In the event of William’s incompetency, Timothy was to provide William with trust assets sufficient to support William’s “accustomed manner of living,” without consideration of “the rights of the remainder beneficiaries.” The trust document also described the trustee’s “discretionary powers” as “absolute,” explaining: “This means that the Trustee can act arbitrarily, so long as he . . . does not act in bad faith.” The settlor expressly “waive[d] the requirement that the Trustee’s conduct” be that of “a reasonable, prudent person.”
*1078 Between February 2002 and May 2003, at the direction of settlor William, Timothy invested trust assets of more than $4 million in SafeTzone Technologies Corporation (SafeTzone), a startup company founded by William’s son Patrick and partly owned by Patrick’s twin brother, Timothy. Timothy also loaned Patrick $155,000 in trust assets. The startup was not a success; at William’s death in 2005, the trust’s original investment in SafeTzone was worth only $100,000.
The year after settlor William’s death, four of his children (plaintiffs) sued trustee Timothy for a breach of fiduciary duty. They alleged that Timothy had squandered William’s life savings on himself and twin brother Patrick, thereby reducing plaintiffs’ potential trust benefits. According to plaintiffs, at the time of the trust’s investments in SafeTzone, settlor William “was in declining health, had been suffering from Parkinson’s Disease for many years and was unable to resist the influence of [trustee] Timothy.” Plaintiffs sought court orders removing Timothy as trustee, compelling him to account for his acts as trustee, and surcharging him for the loss in the trust’s value during the period before William’s death. William’s wife Mary (the primary beneficiary of the trust) and William’s other children did not join in the lawsuit.
At the 2008 trial, the court ruled in plaintiff beneficiaries’ favor. It found that, by investing more than $4 million of trust assets in SafeTzone, trustee Timothy breached his duty to avoid conflicts of interest, to deal impartially with the trust’s beneficiaries, to preserve trust property, and to diversify trust investments. At the time of the investment in SafeTzone, the court said, settlor William lacked sufficient mental competence to analyze the benefits and risks of an investment in SafeTzone or to authorize Timothy to make such an investment. The court ordered that Timothy be removed as trustee and that he be surcharged $4,376,044 for the SafeTzone investment and $625,619 for other disbursements. Patrick was ordered to return $155,000 in trust assets that Timothy had loaned to him.
Trustee Timothy appealed. In reversing the trial court’s judgment, the Court of Appeal held that plaintiff beneficiaries lacked standing to sue Timothy.
II
Probate Code section 15800 states: “Except to the extent that the trust instrument otherwise provides . . . , during the time that a trust is revocable . . . : HO . . . H[] (b) The duties of the trustee are owed to the person holding the power to revoke.” Thus, as the majority acknowledges, here trustee Timothy owed no duty to plaintiff beneficiaries with respect to the investment of trust assets in SafeTzone, because settlor William, who held the *1079 power to revoke the trust, was still alive when the investment was made. (Maj. opn., ante, at p. 1066.)[1] But the statute in question is silent on whether, after the trust settlor’s death, the trust beneficiaries can sue the trustee for breaching the fiduciary duty owed to the settlor during the settlor’s lifetime. The majority allows such an action. I would not.
Pertinent here is this language in Code of Civil Procedure section 377.30: “A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent’s successor in interest. . . and an action may be commenced by the decedent’s personal representative or, if none, by the decedent’s successor in interest.” Any wrongful refusal to bring such an action can be challenged by the beneficiary through a motion, in probate court, to remove the personal representative (Prob. Code, § 8500) on the ground that “[rjemoval is . . . necessary for protection of the estate or interested persons” (Prob. Code, § 8502, subd. (d)). Here, plaintiff beneficiaries do not allege that they are the personal representatives of deceased settlor William, or that no personal representative exists and they are William’s successors in interest.[2]
Code of Civil Procedure section 377.30’s provision that only the decedent’s personal representative (if any) may sue on the decedent’s behalf would avoid the conflict of interest inherent in the majority’s approach of also allowing the beneficiaries to sue: The suing beneficiaries generally have a personal interest in maximizing their share of the inheritance. That interest may be at odds with what the decedent had in mind, as this case illustrates. Under the trust document, trustee Timothy had “absolute” discretionary power in administering the trust and the settlor “waive[d] the requirement that” Timothy’s conduct as trustee be that of “a reasonable, prudent person,” language reflecting the settlor’s intent to protect Timothy from lawsuits related to Timothy’s performance of his duties as trustee. The trust beneficiaries’ personal interest in increasing their inheritance through a successful lawsuit against Timothy conflicts with the settlor’s intent; thus, they should not be permitted to represent the deceased settlor’s interests by filing an action on his behalf.
Applying here the above discussed “personal representative” provision of Code of Civil Procedure section 377.30 would avoid litigation strategy *1080 problems likely to ensue from the majority’s holding that both the personal representative and the beneficiaries may sue. An example: A personal representative and several beneficiaries of a revocable trust sue the trustee on behalf of the deceased settlor, and the defendant trustee offers to settle. Some of the plaintiffs want to accept the offer; others do not. What to do? Which of the plaintiffs, all of whom purport to represent the deceased settlor’s interests, get to decide whether to accept the offer? This quandary can be avoided by applying section 377.30. Because this statute allows only the decedent’s personal representative (or if none, the decedent’s successors in interest) to sue on the decedent’s behalf, in the example just given the decision whether to accept the settlement offer is entrusted to the personal representative, not anyone else.
The majority acknowledges the absence of any statutory provision conferring on beneficiaries of a revocable trust the standing to sue the trustee for a breach of the statutory duty owed to the settlor during the settlor’s lifetime. (Maj. opn., ante, at p. 1067.) But, according to the majority, permitting such a lawsuit is implicit from the Probate Code “as a whole.” (Id. at p. 1068.) In support, the majority cites Probate Code sections 16069, 16420, 16462, and 17200, which I discuss below.
Probate Code section 16069 states that the trustee of a revocable trust “is not required to account to the . . . [1] . . . beneficiary of a revocable trust, as provided in Section 15800, for the period when the trust may be revoked.” The majority states: “[A]s the cross-reference to section 15800 indicates, section 16069 must be read in context. Section 15800 provides that during the time the trust is revocable, the settlor has the rights afforded beneficiaries. . . . We do not read section 16069 to mean that the trustee never has to provide such an accounting, even after the trust becomes irrevocable, i.e., after the settlor’s death.” (Maj. opn., ante, at p. 1069.) But whether or not section 16069 permits beneficiaries to obtain an accounting from the trustee after the settlor’s death, nothing in this statute implies that beneficiaries can sue the trustee on the deceased settlor’s behalf for a breach of the fiduciary duty the trustee owed the settlor during the settlor’s lifetime.
As to Probate Code section 16420, it gives beneficiaries a broad range of remedies when “a trustee commits a breach of trust, or threatens to commit a breach of trust . . . .” (Prob. Code, § 16420, subd. (a), italics added.) The Probate Code defines a “breach of trust” as “[a] violation by the trustee of any duty that the trustee owes the beneficiary.” (Prob. Code, § 16400, italics added.) The question here, however, is not whether plaintiff beneficiaries can sue defendant trustee Timothy for breaching a duty he owed to the beneficiaries. Rather, the question is whether the beneficiaries can sue the trustee for *1081 breaching a duty owed to the trust’s settlor during the settlor’s lifetime, a point on which section 16420 is silent, thus providing no support for the majority’s position.
With respect to Probate Code section 16462’s subdivision (a), the majority relies on that provision’s language that “a trustee of a revocable trust is not liable to a beneficiary for any act performed or omitted pursuant to written directions from the person holding the power to revoke . . . .” This statutory language, the majority states, “implies that if the trustee does not act pursuant to the settlor’s directions, the trustee may be liable to the beneficiaries.” (Maj. opn., ante, at p. 1068.) The majority’s reliance on this statutory language is misplaced, as I explain below.
The language in Probate Code section 16462’s subdivision (a) quoted by the majority describes a defense that a trustee may assert to avoid being held “liable to a beneficiary” (ibid.) of a revocable trust. But because the trustee of a revocable trust owes no duty to the beneficiary while the settlor is alive (Prob. Code, § 15800), a trustee is not liable to a beneficiary for actions taken during the settlor’s lifetime. Thus, the statutory language relied on by the majority (see preceding paragraph) must refer to a lawsuit by a beneficiary of a revocable trust based on the trustee’s conduct after the settlor’s death, when the trustee owes the trust beneficiary a fiduciary duty (see Prob. Code, § 16002, subd. (a)) and can be held liable to the beneficiary for breaching that duty. In such a lawsuit challenging certain actions taken by the trustee after the settlor’s death, Probate Code section 16462’s subdivision (a) absolves the trustee from liability to the beneficiary if the trustee acted “pursuant to written directions” (ibid.) from the settlor. Notwithstanding the majority’s insistence to the contrary, that statutory provision does not imply that a beneficiary may sue the trustee on the settlor’s behalf based on the trustee’s conduct before the settlor’s death.
Finally, as to Probate Code section 17200’s subdivision (a), the majority relies on language stating that “[e]xcept as provided in Section 15800, a . . . beneficiary of a trust may petition the court. . . concerning the internal affairs of the trust. . . .” The majority reasons: “[Under this provision,] a contingent beneficiary may petition the court subject only to the limitations provided in section 15800. But the latter provision merely states that ‘during the time’ the trust is revocable, the settlor has the rights of a beneficiary, and the trustee’s duties are to the settlor, not the beneficiary. Nothing in section 15800 limits the ability of beneficiaries to petition tlie court after the trust becomes irrevocable.” (Maj. opn., ante, at p. 1069.) Maybe so. Neither Probate Code section 17200’s subdivision (a) nor section 15800, however, contains language implying that a beneficiary of a revocable trust may sue the trustee, on the deceased settlor’s behalf, for breaching the fiduciary duty the trustee owed the settlor during the settlor’s lifetime.
*1082 For the reasons set forth above, I would affirm the judgment of the Court of Appeal.
Werdegar, 1, concurred.

 The Court of Appeal stated that plaintiff beneficiaries sued trustee Timothy for breaching a fiduciary duty Timothy allegedly owed to plaintiffs as beneficiaries, not for breaching the fiduciary duty owed to settlor William. But, as the majority notes, plaintiffs also alleged, and the trial court found, that Timothy had breached the fiduciary duty owed to William. (Maj. opn., ante, at p. 1066.)

 The record does not show whether a personal representative exists here. At oral argument, counsel for defendant trustee Timothy said that Timothy is the decedent settlor’s personal representative.